## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ACCELEVATE 2020, LLC and JOE RICHARD POOL** | : | |
| | : | |
| | : | **CIVIL ACTION** |
| **PLAINTIFFS,** | : | |
| | : | **No. _____** |
| **vs.** | : | |
| | : | |
| **KATHRYN BOOCKVAR, in her official capacity as the Secretary of the Commonwealth of Pennsylvania ; and, JONATHAN MARKS,  in his official capacity as Commissioner of the Bureau of Commissions, Elections and Legislation** | : | |
| | : | |
| | : | |
| | : | ***Filed Electronically*** |
| | : | |
| | : | |
| | : | |
| **DEFENDANTS.** | : | |

## <u>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF</u>

Plaintiffs, ACCELEVATE, LLC and JOE RICHARD POOL by and through their undersigned legal counsel, file this action for prospective declaratory and equitable relief against Defendants, KATHRYN BOOCKVAR, in her official capacity as Secretary of the Commonwealth and JONATHAN MARKS, in his official capacity as Commissioner for the Bureau of Commissions, Elections and Legislation as the state official with direct supervision of the Pennsylvania Bureau of Elections, and allege, based on information and belief, as follows:

## NATURE OF THE COMPLAINT

1.     Plaintiffs have been contracted to circulate nomination petitions in the Commonwealth of Pennsylvania for Tulsi Gabbard, a Democratic candidate seeking her party's nomination for the Office of President of the United States.

2.     Just last week, in *Benezet Consulting, LLC et al, v. Cortes et al.*, 16-cv-00074 (M.D. Pa. January 13, 2020) (hereinafter "*Benezet Consulting*") this Court issued an as applied Order enjoining Defendants' enforcement of 25 P.S. § 2869's requirement that circulators of nomination petitions must be registered voters of the Commonwealth of Pennsylvania, permitting out-of-state Republican party members contracted by Benezet Consulting, LLC and Trenton Pool to freely circulate nomination petitions for Republican party candidates in Pennsylvania.

3.     This action seeks to merely extend the Order issued in *Benezet Consulting* to the circulation of nomination petitions for Democratic Party candidates in Pennsylvania.

4.     On January 23, 2020, Defendants' employee Corey Pelling confirmed to Trenton Pool, the brother of Plaintiff Joe Pool, that Defendants do not intend to extend this Court's ruling in *Benezet Consulting* to the circulation of nomination petitions for Democratic candidates.

5.     This is a civil rights action brought pursuant to the Civil Rights Act of 1871, 42 U.S.C § 1983, alleging that a specific requirement of 25 P.S. § 2969(a)

(hereinafter the "Election Code") and defendants, acting in their official capacity and under color of state law, impermissibly impair plaintiffs' core political speech and (in the alternative) equal protection of the laws in violation of rights guaranteed to plaintiffs under the First and Fourteenth Amendments to the United States Constitution in the circulation of nomination petitions in the Commonwealth of Pennsylvania.

6.    Plaintiffs ask this Court for declaratory and injunctive relief (both temporary and permanent) prohibiting state officials from enforcing the unconstitutional challenged provisions now and in the future.

7.    Plaintiffs contend that the requirement of 25 P.S. §2869 requiring that only a qualified elector duly registered and enrolled as a member of the designated party of the State may circulate and execute the circulator statement that must be appended to each sheet of a nomination petition is unconstitutional as it impairs rights guaranteed under the First and Fourteenth Amendments to the United States Constitution which fails to advance any governmental interest, let alone narrowly tailored to advance a compelling governmental interest, of the Commonwealth of Pennsylvania or support any other valid administrative purpose.

(a)    25 P.S. § 2869 of the Pennsylvania Election Code continues to prohibit non-Pennsylvania residents from executing the new "Statement of Circulator" (hereinafter the "Statement") that must be validly executed on each and

every nomination petition page.  Defendants are authorized to strike and refuse to file any nomination petition when the Statement is executed by anyone who is not: "a qualified elector of the Commonwealth, who is duly registered and enrolled as a member of the party designated in said petition."  *See*, 25 P.S. §2969. Accordingly, the challenged statute continues to impose an unconstitutional impairment on Plaintiffs' right to free speech, petition and association as guaranteed by the First and Fourteenth Amendments to the United States Constitution.

      (b)    The Statement imposed by 25 P.S. § 2869 is not narrowly tailored to effectuate a compelling state interest.  As explained by this Court in *Benezet Consulting* and the  overwhelming majority of federal district and circuit courts of appeals, any alleged compelling governmental interest advanced by statutes identical to 25 P.S. § 2869 is more narrowly and fully advanced – without the need to impair any First Amendment guarantees – by requiring affiants to submit to the Commonwealth's jurisdiction for the purpose of any subsequent investigation, prosecution and adjudication of alleged election petition fraud.

8.    Defendants' exercise of authority pursuant to 25 P.S. § 2869 is the proximate cause of impairment of rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution rights.

9.     Defendants' exercise of authority pursuant to the challenged provisions of 25 P.S. § 2869 is not narrowly tailored to advance any compelling governmental interest and, therefore, invalid and must be declared in violation of rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution and Defendants must be immediately and permanently enjoined from enforcing the residency requirement against Plaintiffs, and all similarly situated individuals, in the circulation of nomination petitions for Democratic candidates in Pennsylvania.

10.     This Court has jurisdiction to adjudicate plaintiffs' claims.

11.     Plaintiffs have standing to maintain the instant action as to all claims contained herein.

12.     All claims advanced in this litigation are ripe for immediate adjudication.

13.     The injunctive and declaratory relief requested by Plaintiffs will provide Plaintiffs complete relief as to Defendants' violation of rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution.

14.     The United States Supreme Court has established that the act of signing an election petition, such as the nomination petitions at issue in this action, is core political speech afforded the highest level of constitutional protection.

15.     The declaratory and injunctive relief sought in this action will permit Plaintiffs to circulate nomination petitions in the Commonwealth of Pennsylvania for Democratic candidates in the most efficient manner possible and eliminate unnecessary and unconstitutional costs to plaintiffs in the circulation of nomination petitions – costs which are not tethered to narrowly advance any compelling governmental interest or administrative purpose necessary to sustain Defendants' unconstitutional enforcement of the state residency requirement imposed on circulators of nomination petitions required under 25 P.S. § 2869.

## JURISDICTION

16.     Jurisdiction lies in this court under 28 U.S.C. § 1331, providing that district courts shall have original jurisdiction of all civil actions arising under the Constitution of the United States.

17.     Moreover, jurisdiction lies under 42 U.S.C. § 1983 and 28 U.S.C. §1343(a), the jurisdictional counterpart of 42 U.S.C. § 1983 as Plaintiffs allege violation of rights of free speech under the First Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment to the United States Constitution.

## **VENUE**

18.     Venue is proper in the United States District Court for the Middle

District of Pennsylvania under 28 U.S.C. § 1391 as each defendant maintains their

principal office in Harrisburg, Pennsylvania.

## **PARTIES**

19.     Plaintiff Accelevate 2020, LLC is a registered limited liability

company organized under the laws of Texas and is a professional election and

referendum petition circulator firm to circulate election and referendum petitions

for election cycles beginning in 2020. Accelevate 2020, LLC has been contracted

by Tulsi Gabbard to circulate nomination petitions in Pennsylvania to place her

name on the Commonwealth's 2020 Democratic Presidential Primary ballot.

Accelevate 2020 intends to begin circulating nomination petitions for Tulsi

Gabbard in Pennsylvania starting on January 31, 2020 and continue to circulate

nomination petitions for Tulsi Gabbard in Pennsylvania until the deadline to file

said petitions with Defendants on February 18, 2020.  Accelevate 2020 intends to

contract with professional petition circulators who are not residents of the

Commonwealth of Pennsylvania but who are affiliated with the Democratic Party

in other states to circulate, execute and timely file nomination petitions for Tulsi

Gabbard to place her name on the 2020 Pennsylvania Democratic Presidential

Primary ballot.  Accelevate 2020, LLC also intends to circulate nomination

petitions for Democratic candidates within the Commonwealth in future elections. Accelevate 2020, LLC's address is 3800 Creek Road, Dripping Springs, in Hays County, Texas.

20.    Plaintiff Joe Richard Pool is a resident of the State of California and is a professional circulator of election and referendum petitions.  Plaintiff Joe Richard Pool is a principal member of Accelevate 2020, LLC and intends to supervise the professional out-of-state Democratic circulators contracted by Accelevate 2020, LLC to circulate nomination petitions for Tulsi Gabbard in the Commonwealth of Pennsylvania.  Plaintiff Joe Richard Pool has a direct economic interest in the success of placing the name of Tulsi Gabbard on the 2020 Pennsylvania Democratic Presidential Primary ballot.  Plaintiff Joe Richard Pool intends to circulate nomination petitions in Pennsylvania in future elections.

21.    Defendant Kathryn Boockvar is the current Secretary of the Commonwealth of Pennsylvania.  Defendant Boockvar is the Commonwealth's chief election official and has ultimate authority over the enforcement of the Pennsylvania Election Code and, more specifically, the state residency requirement of 25 P.S. § 2869.  Plaintiffs assert their claims against Defendant Boockvar in her official capacity only.  Defendant Boockvar business address is 2601 North 3rd Street, Harrisburg, PA  17110.

22.     Defendant Jonathan M. Marks is Commissioner of the Pennsylvania Bureau of Commissions, Elections and Legislation.  Commissioner Marks oversees, in relevant part: (a) enforcement of the Commonwealth's electoral process; (b) voter registration; (c) the Commonwealth's SURE system; (d) the content, instructions and requirements for filing of nomination petitions; and (e) the striking of nomination petition signatures and nomination papers that do not comply with defendants' enforcement of the challenged provisions of 25 P.S. § 2869 at the time nomination petitions are filed with Defendant Marks' office. Plaintiffs assert their claims against Commissioner Marks in his official capacity only.  Commissioner Marks' address is 210 N. Office Building, Harrisburg, Pennsylvania, 17120.

## FACTUAL BACKGROUND

23.     In order to be placed on the Commonwealth's primary election ballot, candidates for the nomination of major political parties in Pennsylvania (currently only the Republican and Democratic parties) must circulate nomination petitions and secure the signatures of a required number of registered qualified electors enrolled in the same political party as the candidate seeking a party's nomination. The number of signatures that a candidate must secure on a nomination petition is based on the political office sought by a candidate.

24.     In Pennsylvania, candidates for the Republican and Democratic nominations for President of the United States must secure both: (1) 2,000 valid signatures from all Pennsylvania counties to have the candidate's name appear on the statewide Pennsylvania primary ballot; and (2) 250 valid signatures for each delegate and alternate delegate, secured from registered electors enrolled as members of the subject party from each Congressional District. Candidates seeking election as delegates and alternate delegates to the Democratic National Convention must declare support for a specific presidential candidate and receive party permission before they file their nomination petitions; Republican candidates do not need to declare their support for a specific presidential candidate, but each campaign seeks to have their supporters run for delegate and alternate delegate slots in each Congressional District.

25.     In 2020, nomination petitions may not be circulated until Tuesday, January, 28th.

26.     In 2020, nomination petitions must be filed with Defendants no later than Tuesday, February 18th.

27.     Under 25 P.S. § 2869 **only** Pennsylvania residents may circulate nomination petitions **and** execute the Statement made part of each nomination petition paper.  Residents of other states may not validly execute the Statement

made part of each nomination petition.  The Statement must be executed before the nomination petition paper may be filed with Defendants.

28.     Under 25 P.S. § 2869, residents of other states may only circulate nomination petitions if their circulation is "witnessed" by a Pennsylvania resident who can then execute the Statement made part of each nomination petition paper. In other words, every out-of-state circulator must find a Pennsylvania resident who will tag along to witness the circulation of the nomination petition so that the Pennsylvania resident may execute the Statement.

29.     Plaintiff Pool is a professional election petition circulator and principal member of Accelevate 2020, LLC.

30.     Plaintiff Pool considers his work an important means of expressing his belief that voters deserve a choice at the ballot box.

31.     Accelevate 2020, LLC has been contracted by Democratic Party presidential candidate Tulsi Gabbard, a candidate for the 2020 Democratic Party nomination for President of the United States.

32.     Accelevate 2020, LLC intends to begin the circulation of Tulsi Gabbard's 2020 nomination petitions on Friday, January31, 2020 in Pennsylvania but is unable to do so without locating and organizing Pennsylvania residents to witness the signatures and to execute the Statement made part of each nomination petition paper.  Plaintiff Pool's professional experience found that being

accompanied by a non-professional in-state resident witness significantly slowed down the process of signature collection and inhibited his ability to communicate effectively and efficiently with potential signatories.

33.    Plaintiff Pool is willing to sign an affidavit, or any other paper, that will place him under Pennsylvania jurisdiction for the purpose of any investigation and/or prosecution of alleged election petition fraud.

34.    Plaintiff Accelevate 2020, LLC is in the business of circulating election, referendum and nomination petitions.

35.    The state residency requirement imposed by 25 P.S. § 2869 adds an additional link/step in the signature gathering process that is amenable to challenge by opposing candidates causing many candidates to avoid the additional economic costs of hiring in-state witnesses for out-of-state circulators and the additional risks associated with hiring out-of-state petition circulators and in-state witnesses that might cause a candidate's petitions to be subject to additional challenges.

36.    The state residency requirement imposed by 25 P.S. § 2869 creates a First Amendment monopoly for in-state petition circulators, excluding the speech of out-of-state circulators.

37.    The circulation of nomination petitions is core political speech.

38.    The United States Supreme Court has recognized that the act of signing an election petition is speech which is "interactive communication

12

concerning change" where First Amendment protection is "at its zenith." *Buckley v. American Constitutional Law Foundation, Inc.*, 525 U.S. 182, 183 (1999).

39.     This Court ruled in *Benezet Consulting* on January 13, 2020 that the residency requirement imposed on circulators who are affiliated with the same political party as the candidate who reside outside the Commonwealth of Pennsylvania was unconstitutional and issued an Order enjoining Defendants from enforcing of the state residency requirement imposed under 25 P.S. § 2869 for nomination petitions circulated by Benezet Consulting and Trenton Pool for Republican candidates.

40.     The state residency requirement imposed by 25 P.S. § 2869 reduces the pool of circulators, within the compressed 3 week time frame, available to assist and support Plaintiff Pool in his effort to place Tulsi Gabbard on the 2020 Pennsylvania Democratic Presidential Primary ballot, placing a severe burden on Pool's First Amendment right by making it more difficult for him and Plaintiff Accelevate 2020, LLC to disseminate and advance his political views, to choose the most effective and efficient means of conveying his message and political agenda, to associate in a meaningful way with other like-minded circulators for the purposes of eliciting political change, and to gain access to the ballot for the candidate of his choice.

41.     The state residency requirement for the witness of signatures necessary for the lawful execution of the Statement made part of each nomination petition paper imposed by 25 P.S. § 2869 imposes a severe burden on Plaintiff Pool's First Amendment rights by restricting the nature of support he can offer candidates of his choosing, restricting the type of speech he can engage in within the territory of the Commonwealth of Pennsylvania and restricting his right to freely associate with the members of the Democratic Party, the voters of Pennsylvania and with the candidates he wants to support to secure ballot access in Pennsylvania.

42.     The state residency requirement imposed by 25 P.S. § 2869 reduces the quantity of petition circulators in Pennsylvania, thereby diminishing the political speech available to the voters of Pennsylvania and violating voters' First Amendment rights to receive information and to participate in the marketplace of ideas.

43.     The state residency requirement imposed by 25 P.S. § 2869 is not justified by a sufficiently weighty state interest.

44.     The state residency requirement imposed by 25 P.S. § 2869 is not narrowly tailored to advance a compelling state interest.

45.     An actual and justiciable controversy exists as to which the Plaintiffs require a declaration of their rights.

46.     Unless the requested injunctive relief issues, Defendants will continue to infringe the constitutional rights of Plaintiffs, candidates, voters and petition circulators.

47.     Plaintiffs have no adequate remedy at law for defendants' violations of their rights.

48.     Plaintiffs are suffering, or will imminently suffer, irreparable harm as a result of defendants' violations of the law and Constitution and the harm will continue unless declared unlawful and enjoined by this Court.

### COUNT I – FACIAL CHALLENGE
**(The State Residency Requirement for Witnesses of Nomination Petition Circulation Imposed by 25 P.S. § 2869 is a Facial Impairment of Rights Guaranteed to Plaintiffs under the First Amendment to the United States Constitution)**

49.     Plaintiffs reassert each preceding allegation as if set forth fully herein.

50.     The circulation of nomination petitions as defined by 25 P.S. § 2869 of the Pennsylvania Election Code is core political speech protected by the First Amendment to the United States Constitution.

51.     Signatures recorded on nomination petitions as defined by 25 P.S. § 2869 of the Pennsylvania Election Code is core political speech protected by the First Amendment to the United States Constitution.

52.    The state residency requirement imposed on witnesses of nomination petition circulation contained in 25 P.S. § 2869 of the Pennsylvania Election Code places a severe burden on core political speech and is subject to strict scrutiny.

53.    Because the state residency requirement imposed on witnesses of nomination petition circulation is not narrowly tailored to further a compelling governmental interest, the provision facially violates the First Amendment to the United States Constitution, as incorporated to the States by the Fourteenth Amendment to the United States Constitution and enforced by 42 U.S.C. § 1983.

54.    Alternatively, because no state regulatory interests justify the state residency requirement imposed on witnesses of nomination petition circulation violates the First Amendment to the United States Constitution, as incorporated to the States by the Fourteenth Amendment to the United States Constitution and enforced by 42 U.S.C. § 1983.

55.    Defendants are state actors charged with enforcement of 25 P.S. § 2869 against Plaintiffs.

56.    Defendants, pursuant to the Pennsylvania Election Code, are required to reject any Democratic candidate nomination petition sought to be filed by Plaintiffs if it contains material errors or defects apparent on the face thereof, or on the face of the appended or accompanying Statement; or if it contains material

alterations made after signing without the consent of the signers; or it does not contain a sufficient number of signatures as required by law.

57.    Accordingly, Defendants enforcement of 25 P.S. § 2869 is the direct and proximate cause of the impairment of rights guaranteed to Plaintiffs under the First Amendment to the United States Constitution of the United States for which Plaintiffs request relief.

**COUNT II – AS APPLIED CHALLENGE**
**(The State Residency Requirement for Witnesses of Nomination Petition Circulation Imposed by 25 P.S. § 2869 is As Applied to the Facts of This Case, an Impairment of Rights Guaranteed to Plaintiffs under the First Amendment to the United States Constitution)**

58.    Plaintiffs reassert each preceding allegation as if set forth fully herein.

59.    The circulation of nomination petitions as defined by 25 P.S. § 2869 of the Pennsylvania Election Code is core political speech protected by the First Amendment to the United States Constitution.

60.    Signatures recorded on nomination petitions as defined by 25 P.S. § 2869 of the Pennsylvania Election Code is core political speech protected by the First Amendment to the United States Constitution.

61.    The state residency requirement imposed on witnesses of nomination petition circulation contained in 25 P.S. § 2869 of the Pennsylvania Election Code places a severe burden on core political speech and is subject to strict scrutiny.

62.     Because the state residency requirement imposed on witnesses of nomination petition circulation is not narrowly tailored to further a compelling governmental interest, the provision, as applied to the facts of this case, violates the First Amendment to the United States Constitution, as incorporated to the States by the Fourteenth Amendment to the United States Constitution and enforced by 42 U.S.C. § 1983.

63.     Alternatively, because no state regulatory interests justify the state residency requirement imposed on witnesses of nomination petition circulation violates the First Amendment to the United States Constitution, as incorporated to the States by the Fourteenth Amendment to the United States Constitution and enforced by 42 U.S.C. § 1983.

64.     Defendants are state actors charged with enforcement of 25 P.S. § 2869 against plaintiffs.

65.     Defendants, pursuant to the Pennsylvania Election Code, are required to reject any Democratic candidate nomination petition sought to be filed by Plaintiffs if it contains material errors or defects apparent on the face thereof, or on the face of the appended or accompanying Statement; or if it contains material alterations made after signing without the consent of the signers; or it does not contain a sufficient number of signatures as required by law.

66.     Accordingly, Defendants enforcement of 25 P.S. § 2869 is the direct and proximate cause of the impairment of rights guaranteed to Plaintiffs under the First Amendment to the United States Constitution of the United States for which Plaintiffs request relief.

### COUNT III – EQUAL PROTECTION CLAIM
**(The In-State Witness Requirement for Democratic Nomination Petitions Violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution)**

67.     Plaintiffs reassert each preceding allegation as if set forth fully herein.

68.     Following this Court's ruling in *Benezet Consulting*, Republican candidates can avoid the in-state residency requirement imposed by 25 P.S. § 2869 by employing Benezet Consulting, LLC and/or Trenton Pool.

69.     Democrat candidates have no avenue to avoid the in-state residency requirement imposed by 25 P.S. § 2869 for circulators of their nomination petitions.

70.     Democrat candidates circulating nomination petitions are otherwise identically situated and the same as Republican candidates circulating nomination petitions in Pennsylvania.

71.     Defendants' different treatment of, and imposition of different requirements upon, Plaintiffs in the circulation of nomination petitions for Democratic candidates, as opposed to the circulation of nomination petitions of Republican candidates by Benezet Consulting, LLC and/or Trenton Pool, denies

Plaintiffs equal protection of the laws and constitutes a violation of Plaintiffs' rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

72.     Accordingly, Defendants enforcement of 25 P.S. § 2869 is the direct and proximate cause of the impairment of rights guaranteed to Plaintiffs under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution of the United States for which Plaintiffs request relief.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

a.     Enter an immediate Temporary Restraining Order enjoining Defendants' continued enforcement of the in-state residency requirement for the circulation of nomination petitions for Democratic candidates as this Court Ordered in *Benezet Consulting*;

b.     Enter declaratory judgment that the in-state residency requirement imposed by 25 P.S. § 2869 is unconstitutional under the First and Fourteenth Amendments, insofar as it prohibits out-of-state circulators who are affiliated with the same political party as the candidate whose name appears on the nomination petitions as detailed in Counts I through III above,  or any combination thereof;

c.    Enter preliminary and permanent injunctive relief enjoining

Defendants from enforcing the in-state residency requirement of 25

P.S. § 2869 for out-of-state circulators who are affiliated with the

same political party as the candidate named on a nomination petition

as detailed in Counts I through III above, or any combination thereof,

against Defendants now and in the future;

d.    Award Plaintiffs the cost of this action together with their

reasonable attorneys' fees and expenses pursuant to 42 U.S.C. § 1988;

and,

e.    Retain jurisdiction of this action and grant Plaintiffs such other

relief which may in the determination of this Honorable Court to be

necessary and proper.

Dated:    January 24, 2020        _____/s/*Paul A. Rossi, Esq*_____
Paul A. Rossi, Esq.
*Counsel to Plaintiffs*
IMPG Advocates
316 Hill Street
Suite #1020
Mountville, PA  17554
717.681.8344
Paul-Rossi@comcast.net